UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 25 AM 10: 17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Ana Lucia BRAVO (D1)<br><br>and<br><br>**Esther BRAVO (D2)**<br><br>Defendants. | Magistrate Case No. **'08 MJ 2261**<br><br><u>COMPLAINT FOR VIOLATION OF</u><br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Alien Without Presentation |

The undersigned complainant being duly sworn states:

On or about **July 24, 2008**, at the San Ysidro Port of Entry, within the Southern District of California, defendants **Ana Lucia BRAVO (D1)** and **Esther BRAVO (D2)**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Pedro MARTINEZ-Lopez** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

_____
SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 25th DAY OF **JULY, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Pedro MARTINEZ-Lopez** is a citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 24, 2008, at approximately 0016 hours, **Ana Lucia BRAVO (D1)** made application for admission into the United States from Mexico at the San Ysidro, California Port of Entry vehicle lane five (5). D1 was the driver of a white Chevrolet Silverado Pick-up truck. Also visible in the vehicle was D1's sister now identified as **Esther BRAVO (D2)**. Upon inspection before a United States Customs and Border Protection (CBP) Officer, D1 and D2 claimed United States Citizenship. D1 and D2 made two negative customs declarations and stated they were returning to Los Angeles, California. D1 and D2 stated they were returning to the United States after having dropped off relatives at the Tijuana airport. Upon conducting further inspection of the vehicle, the CBP Officer noticed a piece of carpet under the rear bench seat covering a bulky object. Closer inspection of the area revealed a person concealed behind the carpet. The vehicle, D1 and D2 were escorted to secondary inspection.

In secondary inspection, CBP Enforcement Officers discovered one male concealed under a modified rear seat non-factory compartment. CBP Enforcement Officers assisted in removing the individual from rear seat compartment by lifting and removing the entire seat. The individual is now identified as a material witness, **Pedro MARTINEZ-Lopez (MW)** a citizen of Mexico with no entitlements to enter the United States.

During a videotaped interview, D1 was advised of her Miranda rights. D1 acknowledged her rights and elected to answer questions without an attorney present. D1 admitted knowledge to smuggling one alien concealed within the rear seat compartment. D1 admitted she was to be paid an undetermined amount of money for providing the smuggling service.

During a videotaped interview, D2 was advised of her Miranda rights. D2 acknowledged her rights and elected to answer questions without an attorney present. D2 admitted knowledge to smuggling one alien concealed within the rear seat of the vehicle. D2 admitted to planning and executing the smuggling attempt. D2 admitted herself and D1 were going to be paid a total of $4000 U.S. dollars for providing the smuggling service.

On a separate videotaped interview, MW declared he was a citizen of Mexico with no legal rights or entitlements to enter the United States. MW stated he was going to pay a smuggling fee of $3,000 U.S. dollars upon being successfully smuggled into the United States. MW stated he was unable to exit the rear seat compartment without assistance. MW stated he was en route to San Marcos, California where he was to seek employment.